Chief Justice Bibb
delivered the Opinion of the Court.
March SO, 1825, Clay sued his action of covenant against Straughan; the declaration set forth a covenant by the defendant, to pay the plaintiff one hundred dollars, with interest from the date until paid; and assigned the breach in non-payment of the principal and interest.
The defendant craved oyer of the writing declared on, which appears to be an article of agreement, signed and sealed by plaintiff and defendant, stipulating that the action of ejectment depending between them in Montgomery circuit, should he dismissed, each party paying his own costs; Clay to make Straughan a deed of conveyance for his rigid to the land in controversy; “and the said Straughan. obligates himself to pay said Clay one hundred dollars with interest thereon from this day until paid, June 4, 1822.”
The defendant demurred, and the court sustained the demurrer.
The counsel for Straughan contends that the covenants are mutual and dependent, and that the declaration is defective for want of an averment by Clay, of a conveyance, or a tender of a conveyance of the land.
The mutual agreement of the parties for the dismissal of the action of ejectment, each party paying his costs, seems to be the basis of the subsequent covenants, of Clay to convey his'light to the land in controversy, and of Straughan to pay to Clay one hundred dollars with interest. The agreement of Clay to the disposal of the suit, he paying his own costs, is a part of the consideration for the covenant on the part of .Straughan to pay Clay the money, as well as the covenant on the part of Clay to convey his right to the land. This makes the. *387 matter clear, that the covenants of the one party and of tee other, were not so dependant as that ncither could maintain an action against the other without performance, or tender of performance on his part. Tie covenants between these parties, fall within that cla-.s, which, in the language of the law are denominated mutual and independent covenants, wherein the covenants of the one party and not the actual performance, constitute the consideration for the covenant of the other party; and whereupon, the law obliges tbe one party and the other to perform the agreement on his part, and leaves him to pursue his remedy for damages sustained by nonperformance of the correlative covenant. This case falls within the principles decided in Payne vs. Bettisworth, 2 Marsh. 427.
Bfeck, for plaintiff; Hanson, for defendant.
Judgment reversed, and cause remanded with direction to the circuit to enter judgment for the plaintiff on the demurrer, unless the defendant shall withdraw the demurrer and plead to the action.
Plaintiff in this court to recover his costs.